**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| JOSE ANTOLIN VEGA GARCIA,<br><br>*Petitioner*,<br><br>v.<br><br>CHRISTOPHER BULLOCK and MARKWAYNE MULLIN,<br><br>*Respondents*. | ) | Case No. 1:26-cv-342<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**MEMORANDUM AND ORDER**

Petitioner Jose Antolin Vega Garcia, a native and citizen of Mexico, was detained on an Immigration and Customs Enforcement ("ICE") hold on or about October 24, 2026. [Doc. 1 at ¶¶ 1, 2]. On October 26, 2026, Petitioner, by and through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking this Court to require Respondents to either release him or provide him with a bond hearing within seven days. [*Id.* at 1, 3]. Respondents have provided a response to the petition [Doc. 8], to which Petitioner has replied [Doc. 11]. Having reviewed the Parties' filings and the applicable law, the Court finds a hearing is unnecessary.[1] For the reasons set forth below, the Court grants the petition in part and orders Respondents to provide Petitioner with an individualized bond hearing within ten (10) days.

## I. RELEVANT BACKGROUND

Petitioner entered the United States without inspection as a teenager in about 2010 and has lived and worked here since. [Doc. 1 at ¶¶ 1, 38]. He has three children and a wife who are United States citizens. [*Id.* at ¶¶ 1, 39].

---

[1] *See* Rule 8(a), Rules Governing 2254 Cases in the United States District Courts; *see also* Rule 1(b) (permitting application of § 2254 Rules to other habeas petitions).

On October 24, 2026, Petitioner was driving in a vehicle with his 9-year-old son when the vehicle was stopped by State police cars near Graysville, Tennessee. [*Id.* at ¶ 40]. Petitioner and his son were taken into custody, and Petitioner was detained on driving-related charges. [*Id.*]. Although his wife paid a bond the same day, Petitioner was held in the Bledsoe County Jail that evening on an ICE hold. [*Id.*]. The Knoxville Enforcement and Removal Operations ("ERO") encountered Petitioner and issued an I-247A Immigration Detainer. [Doc. 8-2].

On October 26, 2026, ERO Chattanooga arrested Petitioner after his release from the Bledsoe County Jail. [*Id.*]. ERO served Petitioner with an arrest warrant and a Notice to Appear ("NTA") charging him with, inter alia, entering the United States without admission or inspection and ordering him to appear before an immigration judge in Jena, Louisiana, on November 23, 2026, for the commencement of removal proceedings. [*See* Doc. 8-1; Doc. 8-2]. Petitioner declined voluntary departure. [*See* Doc. 8-2].

According to Respondents, "[u]pon information and belief currently available after reasonably injury," Petitioner was booked into Department of Homeland Security ("DHS") custody in Chattanooga at approximately 1:30 p.m. on October 26, 2026, and transferred out to the Etowah County Jail in Gadsden, Alabama, at approximately 3:36 p.m. on the same date. [Doc. 8 at 3]. Petitioner is believed to have been booked into the Etowah County Jail at 6:00 pm. [*Id.*]. On October 30, 2026, Petitioner was transferred to the Adams County Correctinoal Center in Natchez, Mississippi, where he was located at the time Respondents filed their response to the petition. [*Id.*].

Petitioner filed his federal habeas petition at 4:15 p.m. on October 26, 2026, raising the following three claims: (1) Respondents are violating the Immigration and Nationality Act ("INA") by denying him a bond hearing; (2) Respondents are violating Petitioner's due process

rights by holding him without a bond hearing; and (3) any bond hearing that Respondents might provide in this District would place the burden of proof on Petitioner, thus violating Petitioner's due process rights. [Doc. 1 at ¶ 5]. Petitioner's counsel verified his belief that, at the time the petition was filed, Petitioner was "in transit, possibly to the Knoxville ICE office for processing, with possible plans to transfer him to Alabama and then Louisiana." [Doc. 1 at ¶ 40, p. 14]. He asks this Court to order Petitioner's immediate release and return all property and documents taken from Petitioner, or, alternatively, to issue a writ ordering his release if he is not provided a bond hearing within seven days in which the DHS bears the burden of proving by clear and convincing evidence that Petitioner is a danger or flight risk. [*Id.* at 13].

## II. ANALYSIS

Habeas relief may be granted when a petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). This includes individuals detained on immigration-related issues. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The general rule is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (U.S. 2004). Jurisdiction attaches at the time of filing. *Id.*

Respondents argue that the petition filed in this case suffers the following two jurisdictional shortcomings: (1) Petitioner had likely already left this District at the time he filed his petition; and (2) this action should have been filed as a "next friend" petition alleging facts demonstrating that Petitioner is incapable of making the filing himself. [*See* Doc. 8 at 4]. As to the first contention, Respondents assert that there were forty minutes between when Petitioner was

transferred out of the Chattanooga facility and when he filed his petition, and thus, "it does stand to reason" that he was already across the District's boundaries when the petition was filed. [*Id.* at 5]. Respondents also note that this Court has twice rejected the "unknown custodian" exception to the rule district-of-confinement rule[2], arguing that there is no allegation or indication that Petitioner was transferred to prevent him from filing a petition [*Id.* at 5–6, citing *Morales v. Ladwig*, No. 1:26-cv-294-KAC-CHS (Doc. 12 p. 3–5); *Acros-Alonso v. Ladwig*, No. 1:26-cv-293-TRM-MJD (Doc. 10 p. 3–6)].

But the Court finds the instant case distinguishable from *Morales* and *Acros-Alonso*, because, in those cases, the Court found that the petitioners were already out of the District when their petitions were filed. *See Morales*, No. 1:26-cv-294, Doc. 12 p. 4 (E.D. Tenn. Oct. 26, 2026); *Acros-Alonso*, No. 1:26-cv-293, Doc. 10 p. 4 (E.D. Tenn. Oct. 28, 2026). Here, however, there is no indication that Petitioner was not still physically in this District when he filed his federal habeas petition at 4:15 p.m. [Doc. 1], some forty minutes after he was booked out of the Chattanooga facility at 3:36 p.m. [*See* Doc. 8 at 9]. And, in fact, inasmuch as the Etowah County Jail is approximately one hour and forty-three minutes away from the Chattanooga facility and in the Central Time zone [*see* Doc. 11-3], and Petitioner did not arrive there until 6:00 p.m., it appears that there was a delay between when Petitioner was booked out of the Chattanooga facility and

---

[2] In a concurrence to *Rumsfeld v. Padilla*, Justices Kennedy and O'Conner stated that an exception to the general rule may exist where "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." 542 U.S. 426, 454 (2004). Where this is the case, the justices determined, "habeas jurisdiction would be in the district court from whose territory the petitioner had been removed." *Id.*

when the transporting vehicle actually began to move Petitioner. The Court finds the following statement by Petitioner persuasive:

> There is no realistic scenario where one can reasonably presume that because [Petitioner] was booked out at 3:36 p.m. that he was on the road and out of the state of Tennessee only 39 minutes later when the petition was filed. And, in fact, such a presumption is refuted by the very fact that [Petitioner] was not booked into the Etowah County Jail until 6:00 p.m., regardless of whether that is Central or Eastern Time.

[Doc. 11 at 7]. And, because the last available information at the time of filing was that Petitioner was detained at the Chattanooga ERO, the Court finds the petition is properly filed in this District.

The Court also rejects Respondents' argument that the petition should have been filed as a "next friend" petition. Habeas petitions must be "verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Here, the help of Petitioner's counsel was solicited by Petitioner's immigration attorney and Petitioner's wife, and counsel was retained to represent Petitioner and file a verified petition "in his behalf." 28 U.S.C. § 2242.

Therefore, the Court turns to the merits of the petition. In *Lopez-Campos v. Raycraft*, the Sixth Circuit held that the detention of individuals physically present in the interior of the United States (like the Petitioner in this case) is governed by 8 U.S.C. § 1226 and protected by due process principles. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026).[3] Respondents concede that § 1226 controls Petitioner's detention. [Doc. 8 at 9]. Therefore, they argue, Petitioner is entitled to request and receive a bond hearing before an immigration judge if he requests one, and thus, no intervention by the Court is warranted. [*Id.* at 10]. And, Respondents contend, because the Court may resolve this petition based on § 1226(a) and/or jurisdictional grounds, it is

[3] The Government has petitioned the Supreme Court for certiorari in *Lopez-Campos*. *See* https://www.supremecourt.gov/docket/docketfiles/html/public/25-1415.html (last accessed Nov. 9, 2026).

unnecessary for the Court to evaluate any other issues raised in the petition. [*Id.* at 11, citing *Torres v. Precision Indus*., 938 F.3d 752, 756–57 (6th Cir. 2019) (explaining a case should be resolved on statutory grounds before constitutional issues are considered)].

However, to ensure Petitioner is provided the bond hearing he is entitled, the Court finds Respondents must provide Petitioner with a constitutionally adequate bond hearing and will order Respondents to provide Petitioner with a bond redetermination hearing within ten (10) days of entry of this Order. At that hearing, Respondents must bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence.[4] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (requiring government to justify noncitizen's detention by clear and convincing evidence at bond hearing); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 935 (S.D. Ohio 2026) (same); *Soto-Medina v. Lynch*, No. 817 F. Supp. 3d 612, 628–29 (W.D. Mich. 2026) (same). The Court finds, however, that Petitioner is not entitled to release from custody by virtue of his current detention and will decline to order that relief. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, 1003.19(a); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (providing noncitzens may be detained pending removal proceedings); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) (holding that a noncitizen never lawfully admitted "has only those rights regarding admission that Congress has provided by statute," and that "the Due Process Clause provides nothing more").

[4] "[T]he circuits are split as to which party bears the burden of proof in § 1226(a) proceedings." *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *3 (E.D. Mich. May 4, 2026) (noting the Sixth Circuit has not yet reached the issue).

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's federal habeas petition **in part** and **ORDERS** Respondents to either release Petitioner or provide Petitioner with an individualized bond hearing consistent with § 1226(a) within ten (10) days where Respondents will bear the burden of proof to justify Petitioner's detention by clear and convincing evidence. All other relief requested in the petition is **DENIED**.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**